IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSHUA N. MCKINNEY,

                Plaintiff,

v.

RANDALL R. HEPP , EDWARD WALL,
JON LITSCHER, GARY HAMBLIN, CATHY JESS,
MARC W. CLEMENTS, JOY TASSLER,
MICHAEL MCCORMICK, PAT CHAMBERLAIN,
and JOHN MAGGIONCALDA,

                Defendants.

OPINION and ORDER

19-cv-662-jdp

---

Plaintiff Joshua N. McKinney, appearing pro se, is now a prisoner at Prairie du Chien Correctional Institution. McKinney is one of many prisoners who filed lawsuits alleging that water at Fox Lake Correctional Institution contained unsafe amounts of lead, copper, and other contaminants. This case was stayed pending developments in *Stapleton v. Carr*, No. 16-cv-406-jdp, a multi-plaintiff lawsuit about the FLCI water. In the *Stapleton* case, I ultimately granted summary judgment to defendants on plaintiffs' claims that DOC officials consciously disregarded the risk of harm from the contaminants in the water. 438 F. Supp. 3d 925 (W.D. Wis. Feb. 7, 2020). The undisputed evidence showed that the defendants had not acted with conscious disregard to the water problems at FLCI, but that instead, they had attempted to remediate the lead and copper in the water. *Id.* at 939.

The *Stapleton* decision did not resolve claims that individual prisoners received inadequate medical care for problems caused by contaminated water. *Id.* at 942. After the court-appointed water and toxicology expert received medical records from both consolidated and uncoordinated plaintiffs and issued his report, I granted court-recruited counsel's motion to

withdraw from the *Stapleton* case and I lifted the stay in each FLCI water case. I directed each plaintiff to submit an amended complaint limited to the plaintiff's medical care claims. Dkt. 27.

When I screened McKinney's original complaint, I noted that he had attempted to bring Eighth Amendment claims against defendants for consciously disregarding his medical problems, but the only medical problem he described having was constipation, and that prison medical staff—not any of the named defendants—treated him for that. Dkt. 5, at 3. I told him that if he wanted to bring claims about prison officials ignoring specific medical problems he suffered, he would have to supplement his complaint with new allegations explaining what those problems were and naming the prison staff who failed to help him. *Id.* at 3–4.

McKinney's amended complaint addresses only part of these problems. He now alleges he has developed a number of medical problems from drinking the water at FLCI, including constipation, abdominal pain, internal hemorrhoids, proctitis, gastroesophageal reflux disease, and problems swallowing. But McKinney has not amended his complaint to name any medical officials. In the *Stapleton* case, I've already concluded that DOC non-medical officials did not consciously disregard the FLCI water problems because they undertook efforts to remediate lead and other contaminants in the water. The non-medical officials that McKinney currently names as defendants are not plausibly responsible for treating his various medical problems. *See Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) ("[T]he Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care."). So McKinney doesn't currently state any claims for relief for inadequate treatment of his medical problems.

I will give McKinney a final chance to submit an amended complaint containing his medical care claims. His main tasks will be to (1) amend the caption to include the medical officials who he believes inadequately treated his medical problems; and (2) explain in the body of the complaint what each of those defendants did or failed to do that harmed him. If McKinney fails to submit a new amended complaint by the deadline set below, I will dismiss this case.

ORDER

IT IS ORDERED that plaintiff Joshua N. McKinney may have until September 13, 2021, to submit an amended complaint as explained in the opinion above.

Entered August 30, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge